UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BOBBIE SELLERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 1:04-CV-478-TS |
| ) | |
| ALLEN COUNTY CHILD SUPPORT ) | |
| DIVISION, *et al.* ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Amend/Correct Complaint [DE 37], filed by the Plaintiff on March 1, 2005. The Defendants filed a Response on March 16, 2005, and the Plaintiff filed his Reply on March 22, 2005.

Attached to the Plaintiff's Motion is a proposed amended complaint, which adds Laura L. Maser and the law firm of Beers Mallers Backs & Salin, LLP, as defendants in this matter. The Plaintiff apparently wishes to add these parties as defendants because he was dissatisfied with the Defendants' Answers and Affirmative Defenses, which Maser prepared while working at Beers Mallers Backs & Salin, LLP. Portions of the Defendants' Answers included denials based on lack of sufficient information to form a belief as to the truth of statements. The Defendants' Affirmative Defenses included a claim that the Plaintiff's Complaint is baseless, along with a request for attorneys fees. The Plaintiff, it appears, is convinced that Maser and her law firm have violated his rights, discriminated against him, and committed malpractice and, therefore, should be added as defendants in this matter.

The Seventh Circuit has recently clarified the standard courts should apply when considering a motion for leave to amend:

> Federal Rule of Civil Procedure 15 states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15. However, under Rule 15, a district court may deny leave to amend on the grounds of undue delay, bad faith, dilatory motive, prejudice, or futility. *Indiana Funeral Directors Ins. Trust v. Trustmark Ins. Corp.,* 347 F.3d 652, 655 (7th Cir.2003). The district court's decision to grant or deny a motion for leave to file an amended pleading is "a matter purely within the sound discretion of the district court." *J.D. Marshall Int'l, Inc. v. Redstart, Inc.,* 935 F.2d 815, 819 (7th Cir.1991).

*Guise v. BWM Mortg., LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

In this case, the Plaintiff has filed both a six page motion to amend and a seventeen page reply.[1] The Plaintiff lodges wild accusations at the parties he wishes to add as defendants. For example: ". . . their filings were futile and with their futile findings they were also acting with bad faith and also they thought they are smart and hot shots. . . ." He accuses them of malpractice for "filing the frivolous, groundless, merit less, unreasonable" lawsuit. The Plaintiff seeks, *inter alia*, sanctions of $350,000 and a written apology.

The Court finds that the new allegations in the Plaintiff's proposed amended complaint are devoid of any factual support. A party, whether or not he is represented by counsel, cannot amend a complaint simply by submitting an excessively long list of broad, generalized accusations. Legal claims must be based upon specific factual claims. A general statement, such as the Plaintiff's claim that Attorney Maser has discriminated against him because he is a "pro se litigant of this case with the color of black, indigent and without the assisted of a professional legal trained counsel or without a professional trained court appointed counsel due to plaintiff's indigence," is insufficient.

For these reasons, the Court DENIES the Plaintiff's Motion to Amend/Correct Complaint [DE 37].

---

[1] Local Rule 7.1 states, "Except by permission of the court . . . no reply brief shall exceed 15 pages. Permission to file briefs in excess of these page limitations will be granted only upon motion supported by extraordinary and compelling reasons."

Furthermore, the Court warns the Plaintiff that his Reply violates the standards articulated in Local Rule 7.1. The next time the Plaintiff files an excessive brief without prior permission from the Court, it will be stricken.

SO ORDERED on May 11, 2005.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT