UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BOBBIE SELLERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 1:04-CV-478-TS |
| | ) |
| ALLEN COUNTY CHILD SUPPORT | ) |
| DIVISION, *et al.* | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

The Court received a submission filed by the pro se Plaintiff on March 25, 2005 [DE 50]. The Court construes this submission as a motion to reconsider two Orders issued by this Court on March 21, 2005. These Orders denied the Plaintiff's requests to review orders issued by Magistrate Judge Cosbey.

**MOTION TO RECONSIDER STANDARD**

Although motions to reconsider are not specifically authorized by the Federal Rules of Civil Procedure, the Seventh Circuit and this district apply Rule 59(e) standards to these motions. *Wagner v. Nutrasweet Co.*, 873 F. Supp. 87, 101–102 (N.D. Ill. 1994); *see also Sutliff, Inc. v. Donovan Cos., Inc.,* 727 F.2d 648, 652 (7th Cir.1984); *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 n.9 (N.D. Ill.1988).

Our common law has long since recognized the utility of motions to reconsider, especially to the misunderstood litigant. Well over one hundred years ago, Judge Cardozo wrote:

> Can it be that he is remediless? An appeal will not aid him, for that must be heard upon the papers on which the motion was decided. . . . A grievous wrong may be committed by some misapprehension or inadvertence by the judge for which there

would be no redress, if this power did not exist.

*Belmont v. Erie Ry.*, 52 Barb. 637, 641 (N.Y. App. Div.1869). More recently, the Seventh Circuit has discussed the role of the motion to reconsider:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted).

However useful motions to reconsider may be, the problems that justify such motions "rarely arise and the motion to reconsider should be equally rare." *Id.* Motions to reconsider "are not at the disposal of parties who want to 'rehash' old arguments . . . and such motions are not appropriate vehicles for introducing evidence that could have been produced prior to the entry of judgment or for tendering new legal theories for the first time." *Wagner v. Nutrasweet Co.* 873 F. Supp. 87, 101–102 (N.D. Ill. 1994) (citations omitted).

> On a motion to reconsider, it is improper for a party to present new facts, unless the information could not have been discovered earlier despite reasonable diligence. . . . A party is not entitled to ask the Court revisit an issue because of the party's tactical miscalculations, and [the court] would have every right to deny the motion to reconsider on that ground.

*AAA Plumbing Pottery Corp. v. St. Paul Ins. Co.*, 1995 WL 745837, *2 (N.D. Ill. Dec. 13, 1995).

**DISCUSSION**

Many of the arguments lodged in the Plaintiff's Motion to Reconsider have already appeared in his earlier submissions. Chief among them is his insistence that he has proven his indigence and

that he is entitled to a court appointed lawyer. He also repeats his complaint that this Court's Orders, as well as those issued by Magistrate Judge Cosbey, bear electronic signatures instead of "any actual signatures."

The Seventh Circuit has held that a petitioner is entitled to have a court reconsider its earlier ruling only where:

1) the Court has patently misunderstood a party;
2) the Court has made a decision outside the adversarial issues presented to the Court by the parties;
3) the Court has made an error not of reasoning but of apprehension; or
4) there has been a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee*, 906 F.2d at 1191.

The Plaintiff has not demonstrated that the Court has patently misunderstood his allegations and submissions or made other errors of apprehension. He has not argued that the Court has made any extraneous rulings. Lastly, the Plaintiff has not alleged that anything in the facts or the law has changed since he filed his earlier motions. Accordingly, the Court concludes that the Plaintiff has failed to satisfy any of the narrow grounds on which it could grant his Motion to Reconsider.

Lastly, the Court notes the Plaintiff's complaint, which appears several times in his present Motion, that the Court has not helped familiarize him with the local rules of the Northern District of Indiana. The Plaintiff should be on notice that it is not the Court's burden, but rather his own, to make sure that he is familiar with the Federal Rules of Civil Procedure and the Local Rules of this District. "We are not unmindful of the fact that [the Plaintiff] is proceeding *pro se* in this case. However, the Local Rules apply to everyone, and litigants in this court must undertake sufficient investigation to ensure that they comply with the procedural and substantive requirements of [the District]." *Karella v. Ameritech Info. Sys., Inc.*, 953 F. Supp. 945, 948 (N.D. Ill. 1996).

Although the Court is aware of the unique challenges facing *pro se* litigants and is generally disposed toward providing a litigant the benefit of the doubt, *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), the Court must also insist on compliance with procedural rules to promote our society's shared interest in the uniform administration of justice. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[I]n the long run, experience teaches that strict adherence to procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.") (internal quotations and citation omitted); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced.").

The Local Rules of the Northern District of Indiana are publically available, on the District's webpage[1] and elsewhere. The Court again puts the pro se Plaintiff on notice that he has the responsibility to familiarize himself with and comply with these rules.

For the reasons stated, the Plaintiff's Motion to Reconsider [DE 50] is DENIED.

SO ORDERED on May 11, 2005.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] http://www.innd.uscourts.gov/