UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BOBBIE SELLERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 1:04-CV-478-TS |
| ) | |
| ALLEN COUNTY CHILD SUPPORT ) | |
| DIVISION, *et al.* ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss [DE 25], filed by Richard G. McDermott, Deputy Attorney General for the State of Indiana, on February 14, 2005.

Deputy Attorney General McDermott represents all of the Defendants in this case except Allen County and the Allen County Board of Commissioners. These Defendants have not filed a Motion to Dismiss and the Court does not consider the Plaintiff's claims against them in this Order.

The pro se Plaintiff, Bobbie Sellers, filed his Response on February 28, 2005, and then, without explanation, filed an identical copy again on March 15, 2005.

## BACKGROUND

This lawsuit is based on a series of events set into motion when the Plaintiff was denied a United States Passport on February 5, 2003. The New Orleans Passport Agency told the Plaintiff that he was refused a passport because he owed child support arrearages in an amount greater than $5,000.[1] The Plaintiff maintains that this information was incorrect and he did not owe in excess of

---

[1] 42 U.S.C. § 652(k), entitled "Secretarial responsibility," reads:
(1) If the Secretary receives a certification by a State agency . . . that an individual owes arrearages of child support in an amount exceeding $5,000, the Secretary shall transmit such certification to the Secretary of State for action (with respect to denial, revocation, or limitation of passports) pursuant

$5000.

Upset because he was unable to make his intended trip to Nigeria, and convinced that he had been discriminated against based on his race,[2] the Plaintiff filed a complaint with the Indiana Civil Rights Commission ("ICRC") against the Allen County Prosecutor's Office on January 26, 2004. The Plaintiff claims that Defendant Marco S. Deckard helped him draft and file his complaint and also "sent the questioners and received all [the Plaintiff's] answers to [Deckard's] questioners, during [Decker's] investigation." The Plaintiff later determined that Deckard was also the screening unit analyst and the investigator on his ICRC case. The Plaintiff charges that Deckard ignored his request to amend the charges in his complaint.

According to the Defendants, the ICRC determined that the Allen County Prosecutor's Office did not discriminate against him on the basis of his race regarding his child support case. However, the Plaintiff claims that ICRC incorrectly dismissed his case when they held that it had no jurisdiction over his complaint.

The Plaintiff then made an administrative appeal within the ICRC through its appeals process,[3] which again found against him. The Plaintiff accuses the ICRC Board of the Appeal Commissioners of "misconduct, abuse of power, process, services and system of ICRC against of me the victim."

---

to paragraph (2).
(2)  The Secretary of State shall, upon certification by the Secretary transmitted under paragraph (1), refuse to issue a passport to such individual, and may revoke, restrict, or limit a passport issued previously to such individual.
(3)  The Secretary and the Secretary of State shall not be liable to an individual for any action with respect to a certification by a State agency under this section.

*See also* 22 C.F.R. §§ 51.70(a)(8) & 51.80.

[2] The Plaintiff repeatedly describes himself as being "of the color of black."

[3] Created under 910 Ind. Admin. Code tit. 910, r.1-3-2.

Sellers proceeded to file a civil lawsuit in state court, again alleging that the ICRC's decision was based on his race.[4] The court dismissed the Plaintiff's case without prejudice on April 12, 2005.

Plaintiff Sellers filed a lawsuit in this Court under 24 U.S.C. § 1983 on December 20, 2004. The Complaint names Allen County and the Allen County Board of Commissioners as Defendants. These Defendants are not agencies or employees of agencies of the State of Indiana. They are represented by separate counsel and the Plaintiff's claims against them are not considered in this Order.

The Plaintiff also names the following agencies of the State of Indiana as Defendants: the ICRC, the ICRC Board of the Commissioners, the ICRC Board of the Appeal Commissioners, the Indiana State of Family and Social Services Division of Family Children ("FSSA") and the Allen County Child Support Division. Additionally, the Plaintiff names the following people as Defendants, both in their individual and official capacities: Karen Richards (Allen County Prosecutor), Sandra Leek (Executive Director of the ICRC), Alpha Blackburn (ICRC Chairperson), David Carter (ICRC Commissioner), Marco Deckard (ICRC intake person, screening analyst, and investigator), and Judge William Fee (Steuben County Superior Court).

## MOTION TO DISMISS STANDARD

The Defendants move for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Under both rules, a court will accept a complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor. *United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996); *see also Veazey v. Communications &*

---

[4]Allen Superior Court 2, Cause Number 02D01-0407-PL-302, Presiding as Special Judge, the Honorable Judge William Fee, Steuben Superior Court.

*Cable of Chicago, Inc.*, 194 F.3d 850, 853 (7th Cir. 1999).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction. *United Transp. Union* at 1210. When a question is raised regarding subject matter jurisdiction, a court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidentiary materials have been submitted on the issue to determine whether subject matter jurisdiction in fact exists. *Id.* (citations omitted).

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to rule on its merits. *See Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). If the complaint, viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* Fed. R. Civ. P. 12(b)(6); *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). However, it is well established that the court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

Courts liberally construe the pleadings of individuals who proceed pro se. *See Wilson v. Civil Town of Clayton*, 839 F.2d 375, 378 (7th Cir. 1988). The Plaintiff's pro se status means that his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "The essence of liberal construction is to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Greer v. Bd. of Educ. of City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001) (quoting *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir.1998)).

**ANALYSIS**

**A.    State Agencies and Defendants Named in their Official Capacity Enjoy Sovereign Immunity under the Eleventh Amendment**

The Defendants assert that the Eleventh Amendment bars the Plaintiff's 42 U.S.C. § 1983 claim against the ICRC, the ICRC Board of Commissioners, the ICRC Board of the Appeal Commissioners, the FSSA, and the Allen County Child Support Division, as well as the individual Defendants named in their official capacities.

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. . . . This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984) (citations omitted). The Eleventh Amendment also bars suits against state agencies, *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993), and "official-capacity suits against state officials because the state is the real party in interest in such suits." *Meadows v. Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988).

However, states may waive their sovereign immunity and submit to such lawsuits. The Seventh Circuit has recently outlined the status of Indiana's sovereign immunity:

> The Indiana Supreme Court abolished common-law sovereign immunity in 1972. *See Campbell v. State*, 259 Ind. 55, 284 N.E.2d 733 (1972). The Indiana legislature responded with the Indiana Tort Claims Act (ITCA), Ind. Code § 34-13-3-3, which "established extensive immunity provisions which shield governmental units from [tort] liability." *Benton v. City of Oakland City*, 721 N.E.2d 224, 232 (Ind.1999).

*Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003). The Indiana Tort Claims Act explicitly states that it shall not be construed as a waiver of the eleventh amendment to the Constitution of the

United States or consent by the state of Indiana or its employees to be sued in any federal court. Ind. Code § 34-13-3-5 (2005).

The Defendants argue, citing statutes and caselaw, that the ICRC, the ICRC Board of Commissioners, the ICRC Board of the Appeal Commissioners, the FSSA, and the Allen County Child Support Division (a division of the Allen County Prosecutor's Office) are all state agencies. The Plaintiff has offered nothing to rebut the Defendants' arguments and authority. The Court therefore finds that these Defendants are state agencies.

Likewise, the Defendants argue that the Plaintiff's claims against Defendants Karen Richards, Sandra Leek, Alpha Blackburn, David Carter, Marco Deckard, and William Fee, in their official capacities, must also be dismissed, since these are all state officials. Again, the Plaintiff has offered nothing to rebut the Defendants' arguments and authority. The Court therefore finds that these Defendants are state officials.

Accordingly, the Court finds that it lacks subject matter jurisdiction over the charges lodged by the Plaintiff against the following Defendants, because they are protected by the State of Indiana's sovereign immunity under the Eleventh Amendment to the United States Constitution: the ICRC, the ICRC Board of Commissioners, the ICRC Board of the Appeal Commissioners, the FSSA, and the Allen County Child Support Division. The following individuals, sued in their official capacity, also enjoy the same immunity from suit: Karen Richards, Sandra Leek, Alpha Blackburn, David Carter, Marco Deckard, and William Fee.

**B.     Defendants Named in their Individual Capacity**

Section 1983 permits damages litigation against state agents in their individual capacities. *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999). Furthermore, such suits are

not barred by Eleventh Amendment sovereign immunity. *See Hafer v. Melo*, 502 U.S. 21, 22 (1991).

The Court must now determine whether the Defendants' Motion to Dismiss should be granted as to the remaining Defendants, each named in their individual capacities. Those Defendants are, again: the Honorable Judge William Fee, Allen County Prosecutor Karen Richards, and ICRC employees Sandra Leek, Alpha Blackburn, David Carter, and Marco Deckard.

**(1)   *Absolute Judicial Immunity***

The Defendants' Motion to Dismiss argues that the Honorable William Fee, Steuben County Superior Court Judge, may not be sued in his individual capacity because he is protected by absolute judicial immunity.

Under the doctrine of absolute judicial immunity, judges are not liable in civil actions for their judicial acts unless they have acted in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). A judge will not be deprived of immunity because the action complained of was in error, was done maliciously, or was in excess of his authority. *Stump*, 435 U.S. at 356–57 (quoting *Bradley v. Fisher*, 80 U.S. 355, 351 (1971)). For a judge to enjoy absolute judicial immunity, it is sufficient that the acts the plaintiff complains of were within his jurisdiction and were performed in his judicial capacity. *Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989) (citing *Stump*, 435 U.S. at 356, 360). A judge is absolutely immune for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors. *Stump*, 435 U.S. at 359; *Dellenbach*, 889 F.2d at 759. Accordingly, Judge Fee is entitled to absolute judicial immunity if his actions meet a two-part test: first, his actions were taken within his jurisdiction as a judge; second, he performed these actions in his judicial capacity.

In this case, the Plaintiff has failed to show that Judge Fee's actions fail either end of this

test. To the contrary, the actions the Plaintiff complains of were clearly taken within Judge Fee's jurisdiction as judge and he performed these acts in his judicial capacity. Accordingly, the Court finds that Judge Fee is entitled to absolute judicial immunity.

**(2)** *Absolute Prosecutorial Immunity*

The Defendants' Motion to Dismiss argues that Allen County Prosecutor Karen Richards may not be sued in her individual capacity because she is protected by absolute prosecutorial immunity. The Plaintiff has sued Defendant Richards based on her role in enforcing the Plaintiff's child support arrearage.

Prosecutors and their deputies perform duties which are "intimately associated with the judicial phase of the criminal process, and thus . . . the reasons for absolute [judicial] immunity apply with full force." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Accordingly, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id*. at 431.

In this case, the Plaintiff is attempting to sue Defendant Richards for performing functions that are within the scope of her authority as Allen County Prosecutor: Richards and her deputies are authorized by law to collect and process child support monies and enforce court orders. *See Collier v. Collier,* 702 N.E.2d 351, 353–54 (Ind. 1998); *Clifford v. Marion County Prosecuting Attorney*, 654 N.E. 2d 805 (Ind. Ct. App. 1995). Accordingly, these actions are covered by her absolute prosecutorial immunity and the Plaintiff's action against Defendant Richards in her individual capacity must be dismissed.

**(3)**     ***Immunity for Administrative Agency Officials***

The Defendants argue that the aforementioned doctrine of absolute judicial immunity also protects from civil liability administrative agency officials who perform functions comparable to judges. This argument, the Defendants contend, applies to each of the remaining Defendants, each of whom works for the ICRC: Sandra Leek, Alpha Blackburn, David Carter, and Marco Deckard.

Courts have held that the same public policies that merit in favor of protecting judges from suit also apply to members of state agencies' administrative boards. *Butz v. Economou*, 438 U.S. 478 (1978); *Scott v. Schmidt*, 773 F.2d 160, 164 (7th Cir. 1985); *Wilson v. Kelkhoff*, 86 F.3d 1438 (7th Cir. 1996) (members of prison review board deciding whether to revoke supervised release); *Maroszan v. United States*, 90 F.3d 1284, 1289–90 (7th Cir. 1996) (Veterans' Administration employees ruling on benefits application and appeals); *Walrath v. United States*, 35 F.3d 277 (7th Cir. 1994) (parole board members).

The Defendants argue that this protections applies to the ICRC, and the Seventh Circuit agrees:

> The ICRC is a quasi-judicial adjudicatory body; the Commission members, although not members of a court, perform duties functionally comparable to those of a judicial officer. *See* Ind. Admin. Code tit. 910, r. 1-2-1 (1998); Ind. Code § 22-9-1-6(i) (1998); Stanley v. Indiana Civil Rights Comm'n, 557 F. Supp. 330, 334–35 (N.D. Ind.1983). The ICRC's investigation of complaints is discretionary, limited to those it "deems meritorious." Ind. Code § 22-9-1-11 (1998).

*Crenshaw v. Baynerd*, 180 F.3d 866, 868 (7th Cir. 1999) (citations omitted).

The Court must now determine whether the individual Defendants named by the Plaintiff enjoy this protection. Since "immunity is justified and defined by the functions it protects and serves, not the person to whom it attaches," the Court must consider the role that each Defendant played in the ICRC actions the Plaintiff complains of. *Crenshaw v. Baynerd*, 180 F.3d 866, 868 (7th

9

Cir. 1999) (citing *Forrester v. White*, 484 U.S. 219, 227 (1988)).

The Plaintiff does not lodge any specific complaints against Sandra Leek (Executive Director of the ICRC), Alpha Blackburn (ICRC Chairperson), and David Carter (ICRC Commissioner), except that they were part of the quasi-judicial adjudicatory body that ruled against him. These three Defendants are entitled to quasi-judicial immunity, and the Plaintiff is therefore barred from suing them in their individual capacity.

**(4)**     ***Qualified Immunity for Marco Deckard***

The only remaining Defendant is Marco Deckard. Deckard worked for ICRC, but Deckard's interactions with the Plaintiff were non-judicial. Accordingly, the Court examines the Plaintiff's claims against Deckard separately to see whether they survive the Defendant's Motion to Dismiss.

As stated above, the Plaintiff claims that Defendant Marco Deckard helped him draft and file his complaint and also "sent the questioners and received all [the Plaintiff's] answers to [Deckard's] questioners, during [Decker's] investigation." The Court notes that Deckard's initials appear on the top of the first page of the Plaintiff's Indiana Civil Rights Commission Complaint of Discrimination form: "Complaint taken by: MSD." The Plaintiff later determined that Deckard was also the screening unit analyst and the investigator on his ICRC case. The Plaintiff charges that Deckard ignored his request to amend the charges in his complaint.

While Deckard's actions are not protected by absolute judicial immunity, he is still a government official performing discretionary functions. As such, he enjoys qualified immunity from suit. *See Leaf v. Shelnutt*, 400 F.3d 1070, 1079 (7th Cir. 2005); *Anderson v. Creighton*, 483 U.S. 635, 638–39 (1987). Qualified immunity "shield[s] [government officials] from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they

are alleged to have violated." *Leaf*, 400 F.3d at 1080 (quoting *Anderson*, 483 U.S. at 638). When qualified immunity applies, a defendant is not merely entitled to a defense from liability; he is entitled not to stand trial. *Id.*; *see also Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir.1994) (noting that "few individuals will enter public service if such service entails the risk of personal liability for one's official decisions").

> A court applies a two-part test to determine whether qualified immunity applies.
>
> First, the court must ask the threshold question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" As the Supreme Court has pointed out . . . "[i]f no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."
>
> [Second,] [i]f the facts alleged make out a constitutional violation, then a court must determine "whether the right was clearly established." This inquiry is a specific one: "The relevant, dispositive inquiry is whether it would be clear to a reasonable officer that the conduct was unlawful in the situation he confronted." A right is clearly established when "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." The action's unlawfulness must be "apparent" from pre-existing law.

*Id.* (citations omitted).

In this case, it is unclear which of his constitutional rights the Plaintiff believes Defendant Deckard violated. His only specific complaint against Deckard is that Deckard ignored or refused the Plaintiff's attempts to add more to his complaint. The Plaintiff does not even allege that Deckard ignored or refused his attempts to amend because the Plaintiff was black. Deckard himself may be black as well; the Plaintiff does not say.

What the Court does understand is that Deckard helped people file their complaints with the ICRC. In order to do so, he must ask applicants questions to determine the nature of their complaint. He must also make recommendations and even decisions about what should appear in the initial complaint, and where.

11

Deckard helped the Plaintiff prepare and submit a concise two-page complaint. The Court has no trouble believing that the Plaintiff favored and argued for a longer submission. The complaint he filed in Allen County Superior Court was six pages, single spaced. His first amendment to that complaint continues for seventeen pages. His federal § 1983 complaint filed in this Court consists of a ten-page worksheet, to which the Plaintiff attached an additional sixteen pages. The Court is firmly convinced that left to his own devices, the Plaintiff would have submitted a similar long train of abuses and usurpations to the ICRC. And it is hard to imagine that anything besides a strong insistence on Deckard's part could have prevented the Plaintiff from doing so.

What is less clear is how the Plaintiff was injured by all this. He still had multiple opportunities to be heard by the ICRC; the Plaintiff has not suffered for lack of due process. On the contrary, it seems to this Court that Deckard's editorial discipline was a boon to the Plaintiff: it is the only document this Court has seen from the Plaintiff that gives a straightforward, concise description of his complaints and the recompense he seeks.

All this aside, the Plaintiff has made no showing that Deckard's refusal to allow him to amend his complaint violated his constitutional rights. As the Supreme Court has stated, "[i]f no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Although this determination is fatal to the Plaintiff's case against Deckard, the Court notes that his charges against Deckard fail the second step of the qualified immunity test as well. Even if the Plaintiff had articulated an argument that Deckard had violated a specific constitutional right, he has failed to demonstrate that a reasonable intake officer would have known that he was violated the Plaintiff's constitutional rights by helping him craft a coherent complaint.

For these reasons, the Court finds that Defendant Deckard is entitled to qualified immunity

from the Plaintiff's allegations against him. Therefore, the Court has no subject matter jurisdiction over these charges as well.

## CONCLUSION

For the reasons cited, the Court finds that it has no subject matter jurisdiction over any of the Plaintiff's charges against any of these Defendants. Therefore, the Court GRANTS the Defendants' Motion to Dismiss [DE 25] pursuant to Federal Rule of Civil Procedure 12(b)(1). The Court ORDERS that the ICRC, the ICRC Board of the Commissioners, the ICRC Board of the Appeal Commissioners, the FSSA, the Allen County Child Support Division, Judge William Fee (in his official capacity Steuben County Superior Court Judge and in his individual capacity), Karen Richards (in her official capacity as Allen County Prosecutor and in her individual capacity), Sandra Leek (in her official capacity as Executive Director of the ICRC and in her individual capacity), Alpha Blackburn (in her official capacity as ICRC Chairperson and in her individual capacity), David Carter (in his official capacity as ICRC Commissioner and in his individual capacity), and Marco Deckard (in his official capacities as ICRC intake person, screening analyst, and investigator, and in his individual capacity), all named Defendants, be DISMISSED from this case.

The Plaintiff's case shall continue against the remaining Defendants, Allen County and the Allen County Board of Commissioners.

SO ORDERED on May 13, 2005.

   S/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT