UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BOBBIE SELLERS, | ) |
|   Plaintiff, | ) ) ) |
| v. | ) ) CAUSE NO. 1:04-CV-478-TS |
| ALLEN COUNTY and ALLEN COUNTY BOARD OF COMMISSIONERS, | ) ) ) ) |
|   Defendants. | ) |

**OPINION AND ORDER**

The Court received a submission filed by the *pro se* Plaintiff on May 23, 2005 [DE 60]. The Court construes this submission as a motion to reconsider the Court's May 13, 2005, Order granting the State Defendants' Motion to Dismiss.

As the Court stated in its May 11, 2005, Order denying another motion to reconsider in this case, the Seventh Circuit has held that a petitioner is entitled to have a court reconsider its earlier ruling only where:

1) the Court has patently misunderstood a party;
2) the Court has made a decision outside the adversarial issues presented to the Court by the parties;
3) the Court has made an error not of reasoning but of apprehension; or
4) there has been a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

The Plaintiff has not demonstrated that the Court has patently misunderstood his allegations and submissions or made other errors of apprehension. He has not shown that the Court has made any extraneous rulings. Lastly, the Plaintiff has not alleged that anything in the facts or the law has changed since he filed his earlier motions. Accordingly, the Court concludes that the Plaintiff has

failed to satisfy any of the narrow grounds on which it could grant his Motion to Reconsider.

Lastly, the Court notes the Plaintiff's complaint that he should have, or should still, receive a hearing on the State Defendants' Motion to Dismiss. The Plaintiff is mistaken, as an evidentiary hearing is never proper on a motion to dismiss, which merely tests the sufficiency of the plaintiff's complaint. The Order the Plaintiff complains of stated that, for the purposes of resolving a motion to dismiss, it would "accept a complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor" and would view his Complaint "in the light most favorable to the plaintiff." Accordingly, the Plaintiff has nothing to gain from the hearing he requests.

## CONCLUSION

For the reasons previously stated in the Court's May 13, 2005, Order, and because the Plaintiff has not met the legal standard for a motion for reconsideration, the Plaintiff's Motion of May 23, 2005 [DE 60], is DENIED.

SO ORDERED on May 26, 2005.

  S/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT