UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BOBBIE SELLERS,            )  | |
|                            )  | |
|    Plaintiff,             )  | |
|                            )  | |
|    v.                     )  | CASE NO.: 1:04-CV-478-TS |
|                            )  | |
| ALLEN COUNTY CHILD SUPPORT )  | |
| DIVISION, *et al.*         )  | |
|                            )  | |
|    Defendants.            )  | |

**OPINION AND ORDER**

The Court is in receipt of two submissions from the Plaintiff, both filed on July 11, 2005. The first, Docket Entry 79, is entitled, "PLAINTIFF'S PRO SE, BOBBIE SELLERS, MOTION OF RESPONSE AND OBJECTION TO THE OPINION AND ORDER, BACKGROUND, MOTION FOR JUDGMENT ON THE PLEADINGS STANDARD, FACTS, DISCUSSION, PLAINTIFF'S REQUEST FOR SANCTIONS AGAINST LAURA MASER, AND CONCLUSION, DATED, JUNE 29, 2005, AND PLAINTIFF PRO SE IS DENYING THEM IN FULL, AND PLAINTIFF'S MOTION, OF REQUEST FOR RECONSIDERATION OF THE ORDER DATED, JUNE 29, 2005." The Court construes this submission as a motion to reconsider the Court's Opinion and Order, dated June 29, 2005, granting the County Defendants's Motion for Judgment on the Pleadings.

The second submission from the Plaintiff, Docket Entry 80, is entitled, "PLAINTIFF'S PRO SE MOTION OF RESPONSE, OBJECTIONS, TO THE ORDER, AND JUDGMENT, DECISION BY THE COURT, DATED JUNE 30, 2005, BY STEPHEN R. LUDWIG, CLERK, AND SIGNED BY s/L. STEINKE, DEPUTY CLERK, AND PLAINTIFF PRO SE IS DENYING IT IN FULL, AND PLAINTIFF PRO SE MOTION OF REQUESTS, FOR RECONSIDERATION OF, THE

ORDER, AND JUDEMENT, DECISION BY THE COURT, DATED JUNE 30, 2005, BY STEPHEN R. LUDWIG, CLERK, AND SIGNED BY s/L. STEINKE, DEPUTY CLERK." The Court construes this submission as a motion to reconsider the Clerk's Entry of Judgment, entered on June 30, 2005.

## MOTION TO RECONSIDER STANDARD

Although motions to reconsider are not specifically authorized by the Federal Rules of Civil Procedure, the Seventh Circuit and this district apply Rule 59(e) standards to these motions. *Wagner v. Nutrasweet Co.*, 873 F. Supp. 87, 101–102 (N.D. Ill. 1994); *see also Sutliff, Inc. v. Donovan Cos., Inc.,* 727 F.2d 648, 652 (7th Cir.1984); *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 n.9 (N.D. Ill.1988).

Our common law has long since recognized the utility of motions to reconsider, especially to the misunderstood litigant. Well over one hundred years ago, Judge Cardozo wrote:

> Can it be that he is remediless? An appeal will not aid him, for that must be heard upon the papers on which the motion was decided. . . . A grievous wrong may be committed by some misapprehension or inadvertence by the judge for which there would be no redress, if this power did not exist.

*Belmont v. Erie Ry.*, 52 Barb. 637, 641 (N.Y. App. Div.1869). More recently, the Seventh Circuit has discussed the role of the motion to reconsider:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted).

However useful motions to reconsider may be, the problems that justify such motions "rarely arise and the motion to reconsider should be equally rare." *Id.* Motions to reconsider "are not at the disposal of parties who want to 'rehash' old arguments . . . and such motions are not appropriate vehicles for introducing evidence that could have been produced prior to the entry of judgment or for tendering new legal theories for the first time." *Wagner v. Nutrasweet Co.* 873 F. Supp. 87, 101–102 (N.D. Ill. 1994) (citations omitted).

> On a motion to reconsider, it is improper for a party to present new facts, unless the information could not have been discovered earlier despite reasonable diligence. . . . A party is not entitled to ask the Court revisit an issue because of the party's tactical miscalculations, and [the court] would have every right to deny the motion to reconsider on that ground.

*AAA Plumbing Pottery Corp. v. St. Paul Ins. Co.*, 1995 WL 745837, *2 (N.D. Ill. Dec. 13, 1995).

## DISCUSSION

The Seventh Circuit has held that a petitioner is entitled to have a court reconsider its earlier ruling only where:

1) the Court has patently misunderstood a party;
2) the Court has made a decision outside the adversarial issues presented to the Court by the parties;
3) the Court has made an error not of reasoning but of apprehension; or
4) there has been a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee*, 906 F.2d at 1191. The Plaintiff has not shown that any of these circumstances apply to the present case. Accordingly, his motions for reconsideration must be denied.

While it is clear that the Plaintiff wishes the law were otherwise, this Court is bound to apply caselaw and statutes that require this Court to grant the Defendants's motions to dismiss and enter judgment in favor of the Defendants and against the Plaintiff. The Plaintiff's wild accusations

3

against this Court presume that the Court has the discretion to modify the law to accommodate his claims. However, such is not the case. Most of his named Defendants are clearly immune from suit. Two others took no part in and are not legally responsible for the actions he complains of. Only one Defendant remains, and by all appearances he was uncommonly dutiful and generous in helping the Plaintiff prepare his complaint before the Indiana Civil Rights Commission.

The Plaintiff claims that the Court erred by issuing its Order dismissing this case before it received and considered his surresponse, filed the same date as the Court's Order. Neither the federal or local rules of civil procedure authorize or anticipate the filing of surreply or surresponse briefs. Accordingly, parties do not have the right to file or to have a court consider such submission. Because surresponses are extra ordinary, the common practice a moving party wishing to supplement its response or answer new allegations or arguments in a reply brief is to file a motion seeking leave to file a surresponse. *See Aviles v. Cornell Forge Co.*, 183 598, 605 (7th Cir. 1999). However, Plaintiff Sellers did not do so. The Court issued its Order without knowledge that the Plaintiff had filed an additional brief. That it did so was not an error and it did not cause the Plaintiff to suffer any prejudice.

The Plaintiff also objects to the form of the Clerk's Entry of Judgment, dated June 30, 2005. This is a routine order filed at the end of a civil case and the Plaintiff's attempts to have it reversed are without merit and are denied.

**CONCLUSION**

For the reasons stated above, the Plaintiff's motions for reconsideration, Docket Entries 79 and 80, are DENIED. The Plaintiff has exhausted his remedies at this Court. The Court therefore

4

directs the Plaintiff to address any further argument to the Seventh Circuit of Appeals.

    SO ORDERED on July 25, 2005.

                                                                              S/ Theresa L. Springmann  
                                                                           THERESA L. SPRINGMANN  
                                                                           UNITED STATES DISTRICT COURT